UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JESSICA WILSON,

    Plaintiff,

v.                                                             Case No. 1:05-CV-573

COMMISSIONER OF SOCIAL         HON. ROBERT HOLMES BELL
SECURITY,

    Defendant.

                                                /

**REPORT AND RECOMMENDATION**

Plaintiff[1] brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for social security income (SSI).

Plaintiff was born on May 25, 1993 (AR 68).[2] Plaintiff's alleged disability is fetal alcohol syndrome (FAS) and attention deficit hyperactivity disorder (ADHD) (AR 164). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) held a hearing, reviewed plaintiff's claim *de novo*, and entered a decision denying the claim on April 15, 2005 (AR

---

[1] Plaintiff is a minor, who is bringing this appeal on her own behalf. It is a better practice for this appeal to be brought by the minor's representative or an adult acting on her behalf. However, as one commentator notes "[t]he appointment of a guardian ad litem when there is no representative is not mandatory; according to the third sentence of [Fed. Rules Civ. Proc.] 17(c) the court may issue any other order that it deems proper for the protection of the infant or incompetent." 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1570 (2d ed. 1990). Here, plaintiff's interests are sufficiently protected. She is represented by counsel and her father, Carlos Esparza, has acted on her behalf in the administrative proceedings.

[2] Citations to the administrative record will be referenced as (AR "page #").

14-21).[3]  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the court for review.

**I. LEGAL STANDARD**

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence.  42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990).  "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).   A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only.  This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).  The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record.  *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence.  *Young*, 925 F.2d at 147.

---

[3] The court notes that the ALJ's decision incorrectly states that the plaintiff testified (AR 15). The record reflects that while plaintiff was present at the hearing, her father testified on her behalf (AR 323-44).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. An individual under the age of 18 shall be considered disabled if the child

> has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i).

The Agency has adopted a three-step sequential evaluation for determining disability. *See Miller o/b/o Devine v. Commissioner of Social Security*, 37 Fed Appx. 146, 148 (6th Cir. 2002). First, the Commissioner must determine whether the child is engaged in any substantial gainful activity. 20 C.F.R. § 416.924(b). Second, if the child is not so engaged, then the Commissioner must determine whether the child suffers from a severe impairment or combination of impairments. 20 C.F.R. § 416.924(c). Third, if the child suffers from a severe impairment or combination of impairments, it must then be determined whether the child's impairment meets, medically equals, or functionally equals an impairment listed in the Listing of Impairments (20 C.F.R. pt. 404, subpt. P, app. 1). 20 C.F.R. § 416.924(d). For purposes of step three, "functional equivalence" is defined as an impairment of listing-level severity, which requires either "marked" limitations in two domains of functioning, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The six relevant domains of functioning are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for yourself; and, health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

## II. ALJ'S DECISION

Following the three steps, the ALJ first found that plaintiff has not engaged in substantial gainful activity (AR 21). The ALJ then found that plaintiff suffered severe impairments of ADHD and "speech and language delay" (AR 15, 21). At step three, the ALJ found that the limitations resulting from plaintiff's impairment, did not meet, medically equal or functionally equal any of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 21). The ALJ further found that plaintiff's impairments have not resulted in "marked and severe" limitations in two domains of functioning and does not functionally equal the severity of the listings (AR 21). The ALJ concluded that plaintiff was not under a "disability" as defined in the Social Security Act (AR 21).

## III. ANALYSIS

Plaintiff raises a single statement of error on appeal:

**The ALJ committed reversible error by not finding that Claimant met Listing 100.02.**

Plaintiff contends that although her counsel "clearly raised at the hearing the issue of whether she met Listing 100.02 because of her height and weight," the ALJ did not mention Listing 100.02 in his opinion. Plaintiff's Brief at 9. Plaintiff contends that the ALJ's decision should be reversed or remanded because the ALJ "completely failed to address the issue of her growth impairment," which "first arose at the hearing and the ALJ specifically allowed Plaintiff's counsel additional time to obtain evidence regarding that issue." Plaintiff's Reply Brief at 4.

A claimant bears the burden of demonstrating that he meets or equals a listed impairment at the third step of the sequential evaluation. *Evans v. Secretary of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir.1987). In order to be considered disabled under the Listing of

Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Id.* An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. §§ 404.1525(d); 416.925(d). A claimant does not satisfy a particular listing unless all of the requirements of the listing are present. *See Hale v. Secretary of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir.1987); *King v. Heckler*, 742 F.2d 968, 973 (6th Cir.1984). *See, e.g., Thacker v. Social Security Administration*, 93 Fed.Appx. 725, 728 (6th Cir 2004) ("[w]hen a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency"). If a claimant successfully carries this burden, the Commissioner will find the claimant disabled without considering the claimant's age, education and work experience. 20 C.F.R. §§ 404.1520(d); 416.920(d).

Listing § 100.00A provides that an "[*i*]*mpairment of growth* may be disabling in itself or it may be an indicator of the severity of the impairment due to a specific disease process." The listings provide for two separate categories of growth impairments: those related to another medical impairment (Listing 100.02) and those unrelated to another medical impairment (Listing 100.03). Here, plaintiff alleges that her growth impairment is related to another medical impairment (FAS) and subject to Listing 100.02, which provides as follows:

> *Growth impairment*, considered to be related to an additional specific medically determinable impairment, and one of the following:
>
> A.  Fall of greater than 15 percentiles in height which is sustained; or

5

    B. Fall to, or persistence of, height below the third percentile.

20 C.F.R., pt. 404, subpt. P, app. 1, Listing 100.02.

  The listings also provide instructions for determining a growth impairment:

> *Determinations of growth impairment* should be based upon the comparison of current height with at least three previous determinations, including length at birth, if available. Heights (or lengths) should be plotted on a standard growth chart, such as derived from the National Center for Health Statistics: NCHS Growth Charts. Height should be measured without shoes. Body weight corresponding to the ages represented by the heights should be furnished. The adult heights of the child's natural parents and the heights and ages of siblings should also be furnished. This will provide a basis upon which to identify those children whose short stature represents a familial characteristic rather than a result of disease. This is particularly true for adjudication under 100.02B.

*Id.*

  The DDS childhood evaluation disability form listed plaintiff's impairments as ADHD, FAS and speech impairment (AR 269).  The ALJ's decision specifically addressed two Listings, § 112.11 (ADHD) and § 2.09 (loss of speech) (AR 16).  The ALJ relied on the testimony of the medical expert at the hearing and found that plaintiff did not meet either of these listings (AR 16).   The record reflects that plaintiff's counsel first raised the issue of her growth impairment at the hearing (AR 343).  The medical expert present at the hearing, Jeffrey Andert, Ph.D., was a clinical psychologist with no expertise in the area of growth or malnutrition issues (AR 344, 351). The ALJ agreed to hold the record open to allow plaintiff's counsel an opportunity to develop the issue of malnutrition and growth impairment (AR 352-55).

  It appears that counsel submitted post-hearing medical records (Exhibits 10F and 11F) which relate to plaintiff's growth impairment (AR 3, 310-19). The ALJ's decision referred to a post hearing evaluation of plaintiff's weight and mentioned that plaintiff's wrist x-rays indicated that she

had an estimated bone age of 12 years (AR 17).  The ALJ did not explicitly address the other post-hearing medical records, correspondence from plaintiff's treating physician or Listing 100.02.  Because the ALJ held the record open to review the growth impairment issue, one would have expected him to address Listing 100.02.  Plaintiff seeks a reversal or remand on this basis.[4]  However, ALJ's omission does not require a reversal or remand, because the record does not support a finding of disability under the listing. While the ALJ's decision was lacking in some respects, a remand will serve no useful purpose in this case.  "No principle of administrative law or common sense requires [this court] to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result."  *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir.1989).[5]

        The court disagrees with defendant's position that plaintiff's growth impairment is not "related to an additional specific medically determinable impairment" as required by Listing 100.02.  The ALJ found that plaintiff suffered from a severe impairment of FAS.  A letter from plaintiff's treating physician, Martin C. Berent, M.D., states that plaintiff's height and weight fall below the third percentile, that she is definitely underweight, and that her "weight and length discrepancies are multi-factorial," and that plaintiff had a significant past medical history of FAS

---

[4] Section 405(g) authorizes two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (sentence-six remand). *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).

[5] "When 'remand would be an idle and useless formality,' courts are not required to 'convert judicial review of agency action into a ping-pong game.'" *Kobetic v. Commissioner of Social Security*, 114 Fed. Appx. 171, 173 (6th Cir. 2004), *quoting NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n. 6 (1969).

(AR 319).[6]  "Growth retardation" is one symptom of FAS.  *See Dorland's Illustrated Medical Dictionary* (28th Ed.) at 1629.  Given this record, an ALJ could conclude that plaintiff's growth impairment was related to an additional specific medically determinable impairment (FAS) as required by Listing 100.02.

Nevertheless, plaintiff has failed to meet the other requirements of Listing 100.02. The record contains two growth charts (AR 267, 308).  Although plaintiff appeared to be at the third percentile of height in January 2005 (AR 308), she has not provided three growth charts as required by the Listing. *See* Listings 100.02A and 100.02B. *See also* Listing 100.00A ("[d]eterminations of growth impairment should be based upon the comparison of current height with at least three previous determinations, including length at birth, if available"). In addition, the growth charts do not indicate that the height was measured without shoes.  *See* Listing 100.00A.  Furthermore, plaintiff has not provided the heights of the her natural parents and the heights and ages of her siblings.  *Id.*  This information allows the ALJ to identify children whose short stature may be attributable to a familial characteristic rather than a disease.  *Id.*  The height of plaintiff's parents is relevant in the present case, given notations in the medical records that her biological mother "is also small" and that she has a half-sister and five half-brothers (AR 305-06). Plaintiff has not met her burden of proof with respect to the listing.  In the absence of all this information, the Commissioner's decision must stand.

---

[6] The ALJ does not refer to this letter.

## IV.     Recommendation

I  respectfully recommend that the Commissioner's decision be affirmed.

Dated:  May 24, 2006 /s/ Hugh W. Brenneman, Jr.
Hugh W. Brenneman, Jr.
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).